CARMEN MÁRQUEZ ET AL., Plaintiffs and Appellees, *v.*
MARGARITA AVILÉS, Defendant and Appellant.

No. 12053.    Argued March 19, 1957.—Decided March 29, 1957.

*García Méndez & García Hermida* for appellant.    *Bolívar Pagán*
for appellees.

PER CURIAM.

The record in this case having been examined and the questions raised by the parties in their briefs having been considered, this Court is of the opinion that the judgment of the lower court should be modified by striking therefrom: (1) the statement that Carmen, Nemesio, José Antonio, Ismael, Elba Lydia, Wilson, and Edwin Márquez are entitled to a share in the hereditary estate of their father Bonifacio Avilés Pérez at his death and (2) the award of attorney's fees of $1,000.

Pursuant to § 2 of Act No. 229 of May 12, 1942, as amended, 31 L.P.R.A. § 502, children born out of wedlock prior to the effective date of that Act who were not acknowledged by the voluntary action of their parents, and in their default, by the persons having the right to inherit therefrom, shall be considered natural children for the sole purpose of bearing their father's surname. See *Cruz* v. *Andrini,* 66

P.R.R. 119 (1946); *Fernández* v. *Heirs of Fernández*, 66 P.R.R. 831 (1947); *Montañez* v. *Rodríguez*, 67 P.R.R. 198 (1947), and *Vargas* v. *Jusino*, 71 P.R.R. 362 (1950). Inheritance is a consequence of filiation and although § 1 of Act No. 17 of August 20, 1952 provides that "all children have, with respect to their parents and to the estate left by the latter, the same rights that correspond to legitimate children," this provision was approved solely for the purpose of enforcing the provisions of § 1 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico which provides: "The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas. Both the laws and the system of public education shall embody these principles of essential human equality." In the Report of the Committee of the Bill of Rights and in the debates of the Constitutional Convention it was clearly indicated that "for the purposes of inheritance and property the changes resulting from this Section (referring to § 1 of the Bill of Rights) *shall not be retroactive to births occurring prior to its effectiveness.*" See *Diario de Sesiones, Procedimientos y Debates de la Convención Constituyente de Puerto Rico*, pp. 520–25.

In the case at bar all of the plaintiffs were born prior to 1941, when their father Bonifacio Avilés Pérez was married to Josefa Cruz Barreto. Therefore, it is obvious that they can only be considered as natural children for the purpose of bearing their father's surname, since they were at no time acknowledged by the voluntary action of their father nor by that of the persons entitled to inherit from Bonifacio Avilés Pérez.

As modified, the judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.